Electronically Filed
Intermediate Court of Appeals
28342
27-JAN-2011
08:40 AM

NO. 28342

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DANE SCOTT COOPER, Plaintiff-Appellant,
v.
BILLIE MILLER-COOPER, Defendant-Appellee.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 05-1-0280)


MEMORANDUM OPINION
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

In this divorce action, Plaintiff-Appellant Dane Scott Cooper (Husband) appeals from the following orders of the Family Court of the First Circuit (family court)[1]: (a) the September 8, 2006 order granting Defendant-Appellee Billie Miller-Cooper's (Wife) motion to dismiss on grounds of *forum non conveniens* (dismissal order); (b) the December 7, 2006 order denying Husband's motion to vacate the dismissal order and for reconsideration of the dismissal order (December 7, 2006 order); and (c) the March 1, 2007 findings of fact, conclusions of law and order regarding the September 8, 2006 dismissal order (March 1, 2007 findings and conclusions).

_____

[1] The Honorable Karen M. Radius presided.

The parties were married on February 14, 1988 in Sacramento, California and subsequently moved to Albuquerque, New Mexico, where they resided from 1988 until 1991. With the exception of living in Albuquerque, Wife resided in Sacramento during the marriage. Husband is an officer in the Air Force and during the marriage has been assigned to duty in various locations, including Honolulu.

Husband filed the complaint for divorce in this action on January 28, 2005, at which point he resided in Honolulu. Approximately six months later in July of 2005, pursuant to military orders, Husband relocated to Alexandria, Virginia. When the family court entered its September 8, 2006 dismissal order on grounds of *forum non conveniens*, neither party had resided in Hawaiʻi since Husband's move in July 2005.

The parties' assets include accounts with national institutions and real estate properties in California, Virginia, and Florida. The value of the real estate properties are in dispute and will likely require out-of-state expert appraisal witnesses. Neither party owns real or tangible property located in the state of Hawaiʻi.

In its March 1, 2007 findings and conclusions, the family court made numerous findings of fact and ultimately concluded that:

1.  This case is dismissed on the grounds of *forum non conveniens*.

2.  The alternative forum is California, where Defendant has a viable and pending case and in which the divorce itself and the disputed valuation and property division issues can be handled appropriately.

3.  Weighing the balances of conveniences, analyzing both the private interests of the litigants and the public interest factors, Hawaii is not the appropriate jurisdiction to try this divorce case.

On appeal, Husband's alleged points of error are summarized as follows: (1) the family court abused its discretion in relying on certain findings of fact and/or certain findings were clearly erroneous; (2) the family court abused its discretion in granting Wife's motion to dismiss because: (a) the existence of an alternate forum was not established; (b) the family court failed to consider all of the relevant factors and properly balance those factors in evaluating whether Hawai'i was an inconvenient forum; (c) the family court improperly based its ruling in part on Husband relocating from Hawai'i after the action was commenced; and (d) Wife was barred from seeking dismissal under the doctrines of waiver and judicial estoppel because she entered a general appearance and actively participated in the litigation of the case.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the rulings of the family court.

## I. Standards of Review

Husband challenges two findings of fact (FOF) on the basis that they are clearly erroneous.[2] As to these alleged points of error, the following standard of review applies.

> A[n] FOF is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made. "Substantial evidence" is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006).

---

[2] Husband contends that as to FOF No. 11 and FOF No. 38 in the March 1, 2007 findings and conclusions, the family court abused its discretion *and* these FOFs are clearly erroneous.

Husband's other challenges to specified FOF are grounded in his assertion that the family court abused its discretion in relying on certain findings for various reasons.[3] These points of error are reviewed under the following standard:

> Generally, the family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Id.

Regarding Husband's challenge to the family court's dismissal order, "it is inappropriate to disturb a circuit court's order granting a motion to dismiss the complaint on the grounds of *forum non conveniens* unless the trial judge committed an abuse of discretion." UFJ Bank Ltd. v. Ieda, 109 Hawaiʻi 137, 142, 123 P.3d 1232, 1237 (2005) (citation and brackets omitted). A circuit court's denial of a motion for reconsideration is also reviewed for an abuse of discretion. Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

## II.  Uncontested Facts

While Husband challenges certain FOFs, many of the family court's findings are uncontested.  The unchallenged FOFs include the following:

> 22.  The parties were married on February 14, 1988 in Sacramento, California.
>
> 23.  After the parties' marriage Plaintiff was assigned to military duty at Kirkland Air Force Base, New Mexico, and Defendant sold the home she owned in Sacramento, California, and the parties purchased a home together in Albuquerque, New Mexico, where they lived from 1988 until 1991.

---

[3] Husband contends the family court abused its discretion in relying on FOFs Nos. 4-7, No. 11, No. 38., and No. 40 in the March 1, 2007 findings and conclusions.

24.     In 1991 Plaintiff was assigned to military duty in Korea.  Defendant did not accompany him overseas for that assignment.  Instead, she returned to Sacramento, California, where she purchased a home and where she lived while Plaintiff was overseas.

25.     In 1992 Plaintiff was assigned to military duty at McClellan Air Force Base, Sacramento, California.  He and Defendant lived together in Sacramento from 1991 until 1995.

26.     In 1995 Plaintiff was assigned to military duty at Wright-Patterson Air Force Base, Ohio.  Defendant did not accompany him for that assignment.  Instead, she remained in Sacramento, California, where she continued to live in the home she had purchased in 1991.

27.     After Plaintiff's tour of duty at Wright-Patterson Air Force Base, he was assigned to military duty at the Pentagon, Alexandria, Virginia.  Defendant did not accompany him for that assignment.  Instead, she continued to reside in Sacramento California.

28.     In July 2001 Plaintiff was assigned to military duty at Hickam Air Force Base, Honolulu, Hawaii.  Defendant did not accompany him for that assignment.  Instead, she continued to reside in Sacramento, California.

29.     In July 2005 Plaintiff was again assigned to military duty at the Pentagon, Alexandria, Virginia, and he relocated from Hawaii at that time.

30.     Defendant never lived in Hawaii; she has lived in Sacramento, California since 1956 and throughout the marriage with the exception of a three (3) year period from approximately 1988-1991, where she lived in New Mexico.

31.     It is undisputed that neither party resides or is domiciled in Hawaii: Defendant never having resided in Hawaii and Plaintiff having left Hawaii in July 2005.  If trial were conducted in Hawaii, Plaintiff must fly from Washington, D.C. to attend and Defendant must fly from Sacramento to attend.

32.     It is undisputed that neither party owns any real property or tangible personal property located in the State of Hawaii, although they do have accounts with *national* institutions that also do business in Hawaii.  Information with respect thereto is available nationwide.  It follows then that no pertinent document(s), evidence or witnesses exists exclusively in Hawaii.

33.     Defendant owns various real estate properties in Sacramento, California.  Defendant, individually, and the parties, jointly, own real property in California.  Plaintiff, individually, owns real property in Virginia and Florida.

34.     The values of those parcels are sharply disputed by the parties.

35. It is likely that expert real estate appraisal witnesses from out of state will be needed to be called to enable the Court to adjudicate the differences between the parties over real estate valuation of the parcels.

36. Plaintiff Husband filed real estate appraisals from California on June 2, 2006 indicating the Calvine Road Sacramento property was valued at $1.5 million. The list of properties on each parties Asset and Debt Statement vary greatly as to property owned and the value of each.

37. Depositions of the parties and the experts named by the parties would be expensive and inconvenient if conducted in Hawaii as opposed to the Mainland.

. . . .

39. The Family Courts of the State of Hawaii have high caseloads dealing with family and divorce issues for Hawaii residents and domicilianes.

These unchallenged facts lay the groundwork for much of the family court's rulings.

III. **Discussion**

A. **The Challenged Findings of Fact Were Not In Error**

(1) **FOFs No. 11 and No. 38 Were Not Clearly Erroneous**

FOFs No. 11 and No. 38 in the March 1, 2007 findings and conclusions state:

11. On January 26, 2006, the Court, at the hearing on the Motion to Set, orally commented that since neither party presently lived in Hawaii, and since the parties had never lived in Hawaii as man and wife, and since there was no significant property in Hawaii, that all the real estate owned was outside of Hawaii in three separate states, and if disputes arose out of state witnesses would be necessary. The Court indicated it was inclined to dismiss the case sua sponte, reasoning that Hawaii had no involvement in this case or present connection to the parties and, therefore, should use its limited resources to assist in the resolution of the family problems of Hawaii residents, not out-of-state residents with no connection to Hawaii.

. . . .

38. Since both parties reside on the Mainland; no property, either real or personal exists in Hawaii; and no pertinent documents or evidence remains in Hawaii, Hawaii has no real state interest in resolving this dispute.

(emphasis in original).

Husband alleges there was no substantial evidence to support these findings *to the extent* they find the parties were not Hawai'i residents (because Husband resided in Hawai'i when he filed the complaint), that Hawai'i had no connection to the parties, and Hawai'i had no interest in resolving the case. We do not agree with Husband. These findings do not suggest that Husband was never a Hawai'i resident. Rather, by the time the family court initially entered the dismissal order (and then subsequently entered the supporting findings and conclusions), Husband had no longer resided in Hawai'i for over a year. Wife had never resided in Hawai'i. The findings as to the parties' residence status were correct as of the time the findings were made. Additionally, given the extensive uncontested facts set forth in section II above, there is substantial evidence to support the family court's further findings that, at the time of the dismissal, Hawai'i had no involvement in the case, no connection to the parties, and no interest in resolving the dispute.

### (2) Other Challenges to FOFs

Husband alleges the family court abused its discretion in relying on FOFs No. 4-7, 11, 38 and 40 because: Husband's relocation after commencement of the divorce action was immaterial to the *forum non conveniens* analysis; Husband's statements and filings before Wife entered a general appearance in this proceeding were irrelevant or no longer represented his position; and/or the family court had to presume jurisdiction to reach the question of *forum non conveniens*.

Husband does not set out any argument regarding these points of error, and further we do not find merit in them. First, the fact that Husband relocated from Hawai'i to Virginia about six months after this divorce action was initiated was highly relevant and material to the question of *forum non*

7

*conveniens*. Indeed, given the uncontested facts that Wife had never resided in Hawaiʻi, that the parties did not have any real or tangible assets in Hawaiʻi, and that their accounts were held with national institutions, Husband's relocation from Hawaiʻi was a severance of any relevant ties to Hawaiʻi.

Second, it was not an abuse of discretion for the family court to consider and rely upon submissions and filings by Husband, even if they were made prior to Wife's appearance in this proceeding. The family court was simply setting out the procedural history of the case and noting the initial position of *both* parties as to whether issues in the case should be bifurcated.[4]

Third, there is nothing in the family court's findings to suggest that the court was questioning its jurisdiction. Rather, the family court properly considered whether to *decline* its jurisdiction under the *forum non conveniens* doctrine.

B.    **Dismissal on Grounds of *Forum Non Conveniens* was Not an Abuse of Discretion**

(1) **An Alternate Forum Exists**

In Lesser v. Boughey, 88 Hawaiʻi 260, 262, 965 P.2d 802, 804 (1998), the Hawaiʻi Supreme Court explained that:

> This court has previously described the doctrine of forum non conveniens as "the discretionary power of a court to decline to exercise a possessed jurisdiction whenever it appears that the cause before it may be more appropriately tried elsewhere." For the doctrine to apply, therefore, an alternative forum must exist and the defendant must be amenable to process in the alternative forum.

(citations omitted). Husband correctly asserts that an alternative forum is a requirement before a case can be dismissed on grounds of *forum non conveniens*. He is incorrect, however, in

---

[4] Husband initially asked that the family court adjudicate the divorce issue only and leave all other issues (including property division) to another court. Wife asked that all issues be decided by the Hawaiʻi court.

his argument that no alternative forum exists.  That is, the family court did not abuse its discretion in holding that an alternate forum is available in California.

> An alternative forum ordinarily exists when *all* defendants are amenable to service of process in the foreign forum. *See Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir.2001) (holding that alternative forum was available because *all* defendants had indicated that they would be amenable to service of process in New Zealand); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir.2000) ("A foreign forum is available when the *entire case and all parties* can come within the jurisdiction of that forum." (Emphasis added.)). A defendant's agreement to submit to personal jurisdiction of the foreign country satisfies this requirement. *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir.1991) (citation omitted).

UFJ Bank Ltd. v. Ieda, 109 Hawai'i 137, 145, 123 P.3d 1232, 1240 (2005) (emphasis in original).  In Lesser, the Hawai'i Supreme Court held that, where the defendant had agreed to accept service of process in California and toll any applicable statute of limitations so that the plaintiff could re-file the action in California, a "suitable alternative forum existed" in that case. 88 Hawai'i at 263, 965 P.2d at 805.

Here, the family court found, and it is uncontested, that: "[o]n June 19, 2006, Defendant Wife filed a Petition for Dissolution of Marriage in the Superior Court of California, County of Sacramento in Miller-Cooper v. Cooper, Case No. 06FL 04490."  Although Husband apparently filed a motion to quash or dismiss the California proceeding on the basis that the Hawai'i case was pending,[5] the pertinent point for purposes of *forum non conveniens* analysis is that Wife, defendant in this action, is

---

[5] Husband's motion in the California proceeding remained unresolved when the family court dismissed this action.

not only amenable to service of process in California, but had initiated the action in that jurisdiction.[6]

Husband argues, citing no authority, that the availability of California as an alternative forum was speculative because it was unclear whether he could meet the jurisdictional requirements for initiating a filing in California, and it was unclear if he was subject to jurisdiction and process there. First, it is a non-issue whether he could initiate a divorce proceeding in California because the record establishes that Wife has already initiated a divorce proceeding in that state. Second, it is uncontested that Husband jointly owns real property with Wife in California. Under California law, ownership of real property within that state is a basis to confer personal jurisdiction over Husband. See Watts v. Crawford, 896 P.2d 807, 820-21 n.16 (Cal. 1995) ("[t]he bases of a state's judicial jurisdiction over individuals include . . . ownership, use, or possession of a res located within the state"); Cal. Civ. Proc. Code § 410.10 (West 2010). Further, California statutes provide for service of process to out-of-state parties, including by "first-class mail, postage prepaid, requiring a return receipt.". Cal. Civ. Proc. Code § 415.40.

We therefore conclude that the California proceeding initiated by Wife provides an appropriate alternative forum.

---

[6] The California statute providing the requirements for filing a divorce proceeding states: "A judgment of dissolution of marriage may not be entered unless one of the parties to the marriage has been a resident of this state for six months and of the county in which the proceeding is filed for three months next preceding the filing of the petition." Cal. Fam. Code § 2320 (West 2010). Based on the uncontested facts in this case, Wife meets these requirements for the filing of her action in California.

**(2)** **The Family Court Did Not Abuse Its Discretion In Balancing The Factors For *Forum Non Conveniens***

The family court did not abuse its discretion in balancing the relevant factors and concluding that California was an appropriate alternative forum. While Husband's choice of forum was an important consideration, in this case "the balance [of factors] is strongly in favor of the defendant." Lesser, 88 Hawai'i at 263, 965 P.2d at 805 (bracket in original).

It is uncontested, *inter alia*, that: (1) Wife lived in California for the vast majority of the marriage; (2) Wife never resided in Hawai'i; (3) Husband resided in Hawai'i when he filed the complaint in this action but did not live in either Hawai'i or California by the time the motion to dismiss was filed and decided; (4) the parties own no real or tangible property in Hawai'i; (5) the parties own real estate jointly in California, Wife owns real estate individually in California, and Husband owns real estate individually in other states; (6) accounts are held in national institutions such that information thereto is available nationwide; (7) it is likely that real estate appraisal witnesses from out-of-state will be needed to resolve valuation disputes; (8) depositions of parties and experts would be expensive and inconvenient in Hawai'i; and (9) the family court in Hawai'i has a high case load.

Based on the unchallenged facts, it is clear that Hawai'i has no remaining connection with the parties and no significant interest in addressing the issues in this case. Although Husband argues that there is a question whether he would get a fair trial in California, that point is unsubstantiated. Moreover, Husband's repeated assertion that the family court disregarded his Hawai'i residency when the case was initiated misses the point. That is, although his residency at time of filing established the jurisdiction of the family court, the

relevant question as to *forum non conveniens* was whether the family court properly exercised its discretion to decline such jurisdiction.

### (3) The Family Court Properly Considered Husband's Relocation to the Mainland

The family court did not abuse its discretion in considering the fact that Husband had relocated from Hawai'i after filing the divorce petition. As discussed above, nothing barred the family court from considering this fact and, to the contrary, it was highly pertinent to the court's balancing of conveniences.

### (4) Wife Was Not Barred From Seeking Dismissal

Husband argues that Wife should have been precluded from requesting dismissal on grounds of *forum non conveniens* because she participated in the case in Hawai'i for a number of months and in her initial position statement argued, in opposing Husband's request to bifurcate issues, that the entire case should be heard in Hawai'i. Husband argues that Wife changed course five months after making her appearance in the case by filing for dismissal and should be barred from doing so. We do not agree.

Waiver is defined as an "intentional relinquishment of a known right, a voluntary relinquishment of rights, and the relinquishment or refusal to use a right." Coon v. City and County of Honolulu, 98 Hawai'i 233, 261, 47 P.3d 348, 376 (2002) (quoting In re Estate of Searl, 72 Haw. 222, 226-27, 811 P.2d 828, 831 (1991)). "A waiver may be expressed or implied, and it may be established by express statement or agreement, or by acts and conduct from which an intention to waive may be reasonably inferred." Id. (internal quotation marks and brackets omitted). Judicial estoppel precludes a party from repudiating a position earlier taken that has been accepted and acted upon by the court.

Lee v. Puamana Cmty. Ass'n, 109 Hawai'i 561, 575-76, 128 P.3d 874, 888-89 (2006); Rosa v. CWJ Contractors, Ltd., 4 Haw. App. 210, 220, 664 P.2d 745, 752 (1983).

Notwithstanding Wife's initial stance in this case, there is no indication that Wife expressly or impliedly waived her right to seek dismissal nor that the family court accepted and acted upon Wife's initial position. Wife's first appearance in this case was the filing of her position statement on January 19, 2006. Soon thereafter, on January 26, 2006, the parties appeared before the family court, at which point the court questioned the connection of the case to Hawai'i and indicated an inclination to dismiss *sua sponte*. However, because the parties were hopeful the case could be settled in mediation, the family court reluctantly permitted the case to remain open for mediation and the discovery needed for mediation. Once it became apparent that the parties would not be able to settle, Husband requested that the case be set for trial and Wife filed her motion to dismiss on grounds of *forum non conveniens*.[7] While both parties did expend resources and time in connection with the proceedings in Hawai'i, this was primarily due to their desire to attempt mediation after the family court gave notice that it was inclined to dismiss the case. We conclude that Wife's motion to dismiss was not barred by waiver or judicial estoppel.

---

[7] Both Husband and Wife changed their respective positions at this point, with Husband now seeking to have all issues resolved in Hawai'i and Wife now seeking to have all issues resolved in California.

## IV. Conclusion

Based on the above, the September 8, 2006 dismissal order, the December 7, 2006 order, and the March 1, 2007 findings and conclusions entered by the Family Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, January 27, 2011.

On the briefs:

Robert M. Harris
for Plaintiff-Appellant

Geoffrey Hamilton
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge